UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALLEN CLARK,<br>　　　　Petitioner,<br>　　v.<br>ERIC ARNOLD,<br>　　　　Respondent. | Case No. 14-cv-05285-JD<br><br>**ORDER OF DISMISSAL** |

James Allen Clark, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend and Clark has filed an amended petition.

## DISCUSSION

### I.   STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

II. **LEGAL CLAIMS**

Clark states that he was sentenced on March 2, 1989, to life without the possibility of parole. He argues that he was sentenced under the indeterminate sentencing law ("ISL") and his sentence should now be governed by the newer determinate sentencing law ("DSL"). It appears he is bringing a due process and ex post facto claim.

California used the ISL until 1977 and has used the DSL since July 1, 1977. Under the ISL, the trial court did not set a term of years but instead typically sentenced the defendant to a wide range of years as provided by law, such as "1 year to life," after which the parole authority would determine the length of the term each defendant actually would serve. When a person was convicted of an offense for which imprisonment was prescribed by law, the court imposing the sentence did not fix the term or duration of the period of imprisonment. *See In re Rodriguez*, 14 Cal. 3d 639, 643 n.4 (Cal. 1975) (quoting former Cal. Penal Code § 1168). Instead, the Adult Authority was authorized to determine the length of time a person should remain in prison within the outer limits of the indeterminate sentence imposed. *See id*. at 645 n.11 (quoting former Cal. Penal Code § 3020). The Adult Authority also was authorized to allow prisoners to go upon parole. *See id*. at 645 (quoting former Cal. Penal Code § 3040). The matter of parole was discretionary, as the Adult Authority was permitted to determine parole "at any time after the actual commencement of [such] imprisonment." *Id*. at 646 (quoting former Cal. Penal Code § 3041).

As of July 1, 1977, the DSL replaced the ISL. The DSL prescribed sentences of a set duration for each crime, e.g., 2, 4 or 6 years in prison. However, the sentences for most murders (and some kidnappings) remained indeterminate.

Clark cannot demonstrate an ex post facto violation because he was sentenced in 1989 under the DSL, many years after the ISL was replaced. Even if Clark was given an indeterminate sentence, as opposed to life without the possibility of parole, he is still not entitled to federal habeas relief on any theory. California law establishes that an indeterminate life sentence such as Clark's is in legal effect a sentence for the maximum term of life. *People v. Dyer*, 269 Cal. App. 2d 209, 214 (1969).

The Ninth Circuit has found that "the DSL guidelines require consideration of the same criteria as did the ISL." *Connor v. Estelle*, 981 F.2d 1032, 1033-34 & n. 1 (9th Cir. 1992) (internal citations omitted). The Ninth Circuit held that neither the ex post facto clause nor the due process clause is violated when a petitioner sentenced under the ISL is denied parole under the DSL guidelines. *Id*. at 1033-35. Under the ISL and the DSL, "a life prisoner must first be found suitable for parole before a parole date is set." *In re Stanworth*, 33 Cal. 3d 176, 183 (1982). "Either the current commitment offense or the offense deemed most serious by the parole panel in the event of multiple-commitment offenses is then selected as the base offense." *Id*. "The panel then sets a 'base period of confinement,' which under both systems is based solely on the gravity of the base offense." *Id*. at 6.

Under the ISL, "suggested base ranges were established for each offense." *Stanworth*, 33 Cal. 3d at 184. Under the DSL, "the base term 'shall be established by utilizing the appropriate matrix of base terms ... for the base offense ...'" *Id*., quoting Cal.Code Regs. tit.xv, § 2282(a). The ISL and DSL (for indeterminate sentences such as Clark is serving) both required that the prisoner be found suitable for parole before the base term was set. *Id*. at 183. Therefore, even if Clark had been convicted under the ISL scheme, he could not raise a claim challenging the failure of the BPH to apply the ISL base term guidelines until such time as he had been found suitable for parole, which is when his base term would be set.

While Clark may assert his rights under the California Constitution are jeopardized, the term-setting concern is a state law matter. Clark's claim therefore amounts to nothing more than that the BPH is not following state law or that, by following state law, the BPH might violate the California Constitution. Federal habeas relief is not available for an alleged state law error. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law). Nor can Clark make a state law claim into a federal one simply by classifying it under "due process." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). There is no cognizable federal claim.

## CONCLUSION

The petition is **DISMISSED** for the reasons set forth above. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: November 20, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ALLEN CLARK,

    Plaintiff,

v.

ERIC ARNOLD,

    Defendant.

Case No. 14-cv-05285-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Allen Clark ID: E12050
California State Prison, Solano III
P.O. Box 4000 Facility AG-113
Vacaville, CA 95696-4000

Dated: November 20, 2015

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5